Submitted on brief of appellant, suit dismissed April 10, 1917.

## ·PROUTY v. BURROUGHS.

### (164 Pac. 187.)

**Trusts—Resulting Trust—Degree of Proof.**

1. In an action to have defendant declared a trustee of an interest in land, bought with funds of both parties, there being no fraud, plaintiff must show by a preponderance of evidence that a part of the purchase money belonged to him if a full accounting were had.

[As to sufficiency of evidence to establish constructive or resulting trust, see note in Ann. Cas. 1916D, 1301.]

**Costs—On Appeal—Dismissal.**

2. Where a suit is dismissed on an appeal by defendant for failure of plaintiff to produce a preponderance of evidence, dismissal should be without costs or disbursements to either party.

From Lincoln: JAMES ·W. HAMILTON, Judge.

This is a suit by Reuben Prouty against Catherine Burroughs. There was a decree for plaintiff and defendant appeals. Submitted on brief of appellant.

· SUIT DISMISSED.

In Banc.    Statement by MR. JUSTICE BURNETT.

The substance of the complaint is that about June 21, 1911, the parties had $1,500, one half of which belonged to the plaintiff, that they agreed they should invest the same in a block in Newport taking title to both plaintiff and defendant as tenants in common each of an undivided one half thereof, and that the defendant fraudulently ignored the rights of the plaintiff and caused a deed to be prepared wherein she secretly had her name entered as the sole grantee.

The answer denies all the allegations of the complaint. A further and separate answer setting up that the plaintiff and defendant are brother and sister, narrating a long course of business transactions between them and demanding an account which the defendant

claims would show that the money invested in the property was all hers was stricken out and the case was tried on the general issue.

The trial court rendered a decree to the effect that the plaintiff was owner of an undivided eighteen sixtieths of the real property in question and the defendant of the remainder, and required her to convey his portion to him. The defendant appeals.

SUIT DISMISSED.

For appellant there was a brief over the name of *Mr. John H. Bower.*

*Mr. Edward J. Clark,* in the court below, for respondent.

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. The testimony shows that the money immediately invested in the property in controversy was all in the hands of the plaintiff; that he managed the transaction and the defendant knew nothing whatever about the contents of the deed until it was delivered to her and she had nothing to do with its preparation. As to the real source of the money and to whom it equitably belonged the parties are at total variance. There is utterly no testimony to support a charge of fraud. The plaintiff has failed in our judgment to produce a preponderance of evidence showing that any of the money really belonged to him if a full accounting was had, and consequently his case fails for want of a greater weight of testimony than that produced by the defendant. Under these circumstances the suit should be dismissed without costs or disbursements to either party. It is so ordered.     SUIT DISMISSED.